**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SUZANNE ROBERGE,**

                         **Plaintiff,**

    vs.                                          **1:15-cv-1522
                                                        (MAD/DJS)**

**JOHN MCANDREW, M.D., and
HEALTHALLIANCE HOSPITAL
BROADWAY CAMPUS,**

                         **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**RHEINGOLD, VALET LAW FIRM**      **THOMAS P. GIUFFRA, ESQ**.
113 East 37th Street                           **THOMAS P. VALET, ESQ.**
New York, New York 10016
Attorney for Plaintiff

**OFFICE OF THE UNITED**            **CATHLEEN B. CLARK, AUSA**
**STATES ATTORNEY**
445 Broadway
James T. Foley Courthouse
Albany, New York 12201
Attorney for Defendant McAndrew

**SHOLES, MILLER LAW FIRM**        **SCOTT LIEBERMAN, ESQ.**
327 Mill Street
Poughkeepsie, New York 12601
Attorney for Defendant HealthAlliance
Hospital Broadway Campus

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

    Plaintiff Suzanne Roberge ("Plaintiff") commenced this action on July 20, 2015 in the New York State Supreme Court, Ulster County. *See* Dkt. No. 2 at 1. In her complaint, Plaintiff alleges medical malpractice claims against Dr. John McAndrew, M.D. ("Dr. McAndrew"), and

general negligence claims against HealthAlliance Hospital Broadway Campus (collectively, "Defendants"). *See id.* at ¶¶ 23-25, 29, 35, 37. Specifically, Plaintiff alleges that she was a patient of Dr. McAndrew from approximately May 15, 2013 through September 18, 2013.[1] *See id.* at ¶ 19. She claims to have sought treatment for labial asymmetry, and that instead of performing an episiotomy revision - the procedure to which she consented - Dr. McAndrew performed a more invasive vulvectomy - a procedure to which she did not consent. *See id.* at ¶¶ 19-23.

On December 23, 2015, the United States Attorney removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and 2679(d)(2), and 42 U.S.C. § 233(a). *See* Dkt. No. 1 at 1. On December 24, 2015, Defendants moved to substitute the United States as the Defendant for Dr. McAndrew, and to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 6 at 1. Defendants argue that this Court is without subject matter jurisdiction because Plaintiff has not exhausted her administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. *See id.* On January 19, 2016, Plaintiff filed a response, arguing that "the [C]ourt should equitably toll the timing requirements of the [FTCA]" because she had no reason to know of Dr. McAndrew's status as an employee of a facility deemed eligible for FTCA coverage. Dkt. No. 9 at 3, 4. On January 22, 2016, Defendants filed a reply, arguing that Plaintiff's equitable tolling arguments are premature. *See* Dkt. No. 10 at 5. Currently before the Court are Defendants' motions to substitute and to dismiss pursuant to 28 U.S.C. § 2679 and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's complaint contained typographical errors with respect to the dates in question. *See* Dkt. No. 9 at n.1.

## II. DISCUSSION

**A.      Standard of Review under Fed. R. Civ. P. 12(b)(1)**

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted). For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ." *Id.* (internal citations omitted). Both the movant and the pleader are permitted to use affidavits and other materials to support and oppose the motion to dismiss for lack of subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

**B.      Defendants' motion to substitute the United States for Dr. McAndrew**

Defendants argue and Plaintiff concedes that Dr. McAndrew is not a proper party-defendant for the alleged malpractice claims, and that the United States is the only proper Defendant under the FTCA. *See* Dkt. No. 6-1 at 3; Dkt. No. 9 at 2. The FTCA provides that

> [u]pon certification by the Attorney General that the defendant
> employee was acting within the scope of his office or employment
> at the time of the incident out of which the claim arose, any civil
> action or proceeding commenced upon such claim in a State Court

3

> shall be removed . . . by the Attorney General to the district court . . . . Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title . . . and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(2). In this case, Plaintiff has asserted claims for money damages against Dr. McAndrew, and HealthAlliance Hospital Broadway Campus ("HealthAlliance"). *See* Dkt. No. 2 at 9. Referring to HealthAlliance, Plaintiff initially alleged that "at all times hereinafter mentioned, defendant DR. McANDREW was an employee of defendant HOSPITAL." *Id.* at ¶ 12. Although Plaintiff was allegedly unaware of Dr. McAndrew's true employment status at the time she filed her complaint, *see* Dkt. No. 9 at 5, the parties now agree that Dr. McAndrew was, in fact, an employee of The Institute for Family Health ("Family Health") during the relevant time period, *see* Dkt. No. 1-3 at ¶ 6; Dkt. No. 9 at 5. Family Health has been deemed a Public Health Service employee entity under 42 U.S.C. § 233(h), and has had FTCA malpractice coverage without interruption since January 1, 2012. *See* Dkt. No. 1-3 at ¶ 5.

On December 23, 2015, the Attorney General certified that Dr. McAndrew "was acting within the scope of his employment as a deemed employee of the United States of America at the time of the alleged incidents." Dkt. No. 1-4 at 2. Therefore, the Court finds that the United States is the only proper party under the FTCA and must be substituted as the Defendant in this action. *See Catania v. Herbst*, 916 F. Supp. 2d 266, 268 (E.D.N.Y. 2013) ("Under the [FTCA], a plaintiff's exclusive remedy for nonconstitutional torts committed by federal employees in their official capacity is a lawsuit against the United States") (citing *Castro v. United States*, 34 F.3d 106, 110 (2d Cir. 1994)). Accordingly, Defendants' motion to substitute the United States of America for Dr. McAndrew is granted.

**C.     Jurisdictional requirements of the FTCA**

Next, the parties also agree that Plaintiff has not filed an administrative remedy claim with the Department of Health and Human Services against Family Health. *See* Dkt. No. 1-3 at ¶ 4; Dkt. No. 9 at 3.

"It is well established that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued' and hence may be sued only to the extent that it has waived sovereign immunity by enacting a statute consenting to suit." *De Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998) (quotation omitted). The terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit. *See id.*

The FTCA provides a limited waiver of sovereign immunity for the types of claims at issue in the present matter. *See A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 138 (2d Cir. 2011). The Second Circuit has noted the exclusivity of remedy for medical/dental malpractice claims against federal health practitioners:

> The FTCA waives the United States's sovereign immunity for certain classes of torts claims and provides that the federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 13 46(b)(1). The FTCA's purpose is both to allow recovery by people injured by federal employees or by agents of the Federal Government, and, at the same time, to immunize such employees and agents from liability for negligent or wrongful acts done in the scope of their employment. *See* 28 U.S.C. § 2679(b)(1); 42 U.S.C. § 233(a).

*Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 80 (2d Cir. 2005) (citation omitted).

5

"Under the FTCA, before a claimant can file suit, he or she must first present the claim to the appropriate federal agency (in this case HHS) within two years of the date the claim accrued." *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) (citing 28 U.S.C. § 2401(b)). "The claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)." *Id.* (citing 28 U.S.C. § 2675(a)). "Under the Westfall Act, where the plaintiff has filed his or her tort suit against the wrong party, an otherwise untimely administrative claim filed after the federal government has entered the case 'shall be deemed to be timely presented . . . if . . . the claim would have been timely [under the FTCA's two-year statute of limitations] had it been filed on the date the underlying civil action was commenced.'" *Id.* at 148 (quoting 28 U.S.C. § 2679(d)(5)). Final denial by the appropriate federal agency is a jurisdictional prerequisite to adjudication under the FTCA. *See* 28 U.S.C. § 2675(a); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *Williams v. Metro. Det. Ctr.*, 418 F. Supp. 2d 96, 102 (E.D.N.Y. 2005).

Nevertheless, Plaintiff maintains that the Court should equitably toll the FTCA's timing requirements and deny Defendants' motion to dismiss for lack of subject matter jurisdiction. *See* Dkt. No. 9 at 4. Plaintiff argues that she can show "she was both pursuing her rights diligently, and that extraordinary circumstances stood in her way of timely filing a tort claim." *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and *Mottahedeh v. United States*, 794 F.3d 347 (2d Cir. 2015)). Defendants maintain that Plaintiff's arguments are misplaced, and that she has conflated the timing requirements of Section 2401(b) with the jurisdictional requirements of Section 2675(a). *See* Dkt. No. 10 at 5. The Court agrees with Defendants.

The timing requirements of the FTCA provide as follows:

> [a] tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency

>within two years after such claim accrues or unless action is begun
>within six months after the date of mailing . . . of notice of final
>denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). When a statutory time bar is jurisdictional, a court must enforce it even if equitable considerations would support their extension. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1631 (2015) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008)). In *Wong*, the Supreme Court held that the time limits imposed by Section 2401(b) were non-jurisdictional in nature and, therefore, are subject to equitable tolling under certain circumstances. *See Wong*, 135 S. Ct. at 1633. In the words of the Court, "the FTCA's jurisdictional grant . . . is not expressly conditioned on compliance with § 2401(b)'s limitations periods." *Id.* at 1628.

Notwithstanding the fact that Section 2401(b) is non-jurisdictional, the requirements of Section 2675 are and, therefore, cannot be waived. *See Williams*, 418 F. Supp. 2d at 102. Accordingly, "[i]f plaintiff does not comply with this jurisdictional prerequisite, the court has no subject matter jurisdiction over the claim." *Id.* (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994)). Thus, whether or not an FTCA claim is timely filed such that equitable tolling may apply, is an entirely different question than whether a court possesses subject matter jurisdiction to adjudicate such a claim.

Section 2675(a) of the FTCA provides that:

>[a]n action shall not be instituted upon a claim against the United
>States for money damages for injury . . . or personal injury . . .
>caused by the negligent or wrongful act or omission of any
>employee of the Government while acting within the scope of his
>office or employment, unless the claimant shall have first presented
>the claim to the appropriate Federal agency and his claim shall have
>been finally denied by the agency in writing and sent by certified or
>registered mail.

28 U.S.C. § 2675(a).

7

In *McNeil v. United States*, 508 U.S. 106 (1980), the petitioner filed suit in federal court under the FTCA, then filed an administrative claim, and eventually sent the district court a copy of the denial. *See McNeil*, 508 U.S. at 107-08. Resolving a split among the Circuit Courts as to whether a prematurely filed FTCA action could proceed when no substantial progress had taken place in the litigation before administrative remedies were exhausted, the Supreme Court definitively held that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Id.* at 113.

The crucial distinction in *McNeil* is that the petitioner in that case had both commenced an action in court and received a final denial of his administrative claim. Thus, both timing and jurisdiction were at issue. Here, Plaintiff concedes that she has not even attempted to pursue an administrative remedy with the Department of Health and Human Services. Accordingly, the Court finds that her suit is premature, and that the Court is without subject matter jurisdiction. *See id.* at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process").

The Court is cognizant that it may be "manifestly unjust to dismiss [a] claim for failure to exhaust administrative remedies[]" where a plaintiff "[has] no knowledge that the individual is an employee of the United States." *Fuller v. Daniel*, 438 F. Supp. 928, 929 (N.D. Al. 1977). However, *McNeil* makes clear that the jurisdictional requirements of Section 2675(a) are "unambiguous," and that "[courts] are not free to rewrite the statutory text." *McNeil*, 508 U.S. at 111.

Further, the Court notes that dismissal will not leave Plaintiff wholly without remedy for her alleged injuries. The FTCA also provides as follows:

> [w]henever an action or proceeding in which the United States is substituted as the party defendant . . . is dismissed for failure to first

8

> present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if (a) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (b) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5). Here, Plaintiff filed the underlying civil action on or around July 30, 2015. *See* Dkt. No. 2 at 1. Plaintiff alleges that her claim accrued on or around September 18, 2013. *See id.* at ¶ 19. Thus, Plaintiff's claim would have been timely if it had been filed on the date the civil action was commenced because that date was within two years after the claim accrued. *See* 28 U.S.C. § 2401(b). If Plaintiff files an administrative claim with the appropriate agency within 60 days after this action is dismissed, Section 2679(d)(5) requires that action be deemed timely for purposes of Section 2401(b).

Based on the foregoing, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

**D.     Remand to state court**

Lastly, Plaintiff argues that, in the event that the Court dismisses the claims against Dr. McAndrews/the United States, the claims against Defendant HealthAlliance should be remanded to state court because Defendants failed to ensure that "all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* Dkt. No. 9 at 7-8 (quoting 28 U.S.C. § 1446(b)(2)(A)). Further, Plaintiff contends that this matter should be remanded because removal was pursuant to 28 U.S.C. § 1441(a); and, since the United States has been dismissed, the Court no longer has original jurisdiction over this matter. *See id.* The Court finds that remand of Plaintiff's claims against Defendant HealthAlliance to state court is appropriate because there is no independent basis for federal jurisdiction. *See Pudney v. Ostelic*

9

*Valley Family Health*, No. 5:04-CV-00760, 2004 WL 2634305, *1 (N.D.N.Y. Nov. 3, 2004) (remanding matter back to state court after dismissing the FTCA case against the United States) (citation omitted); *see also Rodriguez v. United States*, No. 01 CV 4975, 2001 WL 1590516, *2 (E.D.N.Y. Nov. 3, 2001) (remanding to state court where there was no subject matter jurisdiction under the FTCA for claims against the government, and hence no proper basis for original jurisdiction).

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to substitute the United States of America as the Defendant for Dr. John McAndrew, M.D. (Dkt. No. 6) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall substitute the United States of America as the Defendant for Dr. John McAndrew, M.D.; and the Court further

**ORDERS** that Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. No. 6) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's claims for medical malpractice against the United States are **DISMISSED without prejudice** for failure to exhaust under 28 U.S.C. § 2675(a); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant United States' favor and close this case; and the Court further

**ORDERS** the Clerk of the Court shall remand this case as to Defendant HealthAlliance to the New York State Supreme Court, Ulster County; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: June 13, 2016
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge